124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe L. RICHARD, Plaintiff-Appellant,
v.
FRIAR'S CLUB, Defendant-Appellee.
 No. 96-55614.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 12, 1997**
Sept. 18, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-04139-SVW; Stephen V. Wilson, District Judge, Presiding.
 
 
 2
 Before: PREGERSON and HAWKINS, Circuit Judges, and WEINER, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to clarify our decision.
 
 
 5
 Friars Club did not waive its right to challenge the district court's subject matter jurisdiction by failing to raise the issue during administrative proceedings. The issue of subject matter jurisdiction may be raised at any time during judicial proceedings. Fed.R.Civ.P. 12(h)(3).
 
 
 6
 The district court correctly determined that it lacked subject matter jurisdiction over this case. The parties do not dispute whether Friars Club is tax-exempt. Accordingly, the controlling issue is whether Friars Club qualifies as a "bona fide private membership club" exempted from Title VII coverage under 42 U.S.C. § 2000e(b)(2). To qualify, Friars Club must show three elements: that it "(1) is a club in the ordinary sense of the word, (2) is private, and (3) requires meaningful conditions of limited membership." EEOC Guidelines § 605 at 2316. The district court did not clearly err in finding as a matter of fact that Friars Club satisfied each of these three elements.
 
 
 7
 First, the record shows that Friars Club is a club in the ordinary sense of the word. The club's by-laws identify two organizational objectives: promoting fraternity among persons in the entertainment industry, sports, and related professions; and providing its members with enjoyable activities and facilities. The by-laws provide that the club shall be operated exclusively for these non-profit goals, not for pecuniary gains or losses. In addition, the club's by-laws and house rules provide that the club will be made up of selected members, meeting periodically and paying regular dues for the privilege of use of club property.
 
 
 8
 Second, the record shows that Friars Club is a private club as defined in the EEOC guidelines. The declarations of Friars Club officers and employees show that the club effectively limits the use of its facilities and services to club members and their guests, through the use of consistently-enforced club rules and security devices. Although the record contains some evidence that the club may have held two or three events open to the public, the club's general practice appears to adhere to its members-only policy. Under the club's by-laws, members control the club and its assets through the board of directors. The declaration of the club's general manager and controller indicates that Friars Club has not engaged in any significant amount of paid or general advertising that would disqualify it from "private club" status.
 
 
 9
 Third, the record shows that Friars Club requires meaningful conditions of limited membership as defined by the EEOC guidelines and EEOC Decision 85-2. The club does not have a fixed ceiling on membership. The size of the membership is effectively controlled, however, by the specificity of its target population, the club's avoidance of general advertising, and the club's procedural requirements for admission. The club's by-laws and the declaration of the club's membership committee chair indicate that admission is selective and based upon personal qualifications.
 
 
 10
 Because the district court did not clearly err in finding as a matter of fact that Friars Club is a "bona fide private membership club" exempt from Title VII coverage, we affirm the district court's order dismissing the complaint for lack of subject matter jurisdiction.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3